Argued and submitted July 22, affirmed November 25, 2020

In the Matter of M. M. O. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. M., Jr.,
*Appellant.*

Benton County Circuit Court
18JU09565; A173513 (Control)

In the Matter of E. J. M.,
a Child,

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. M., Jr.,
*Appellant.*

Benton County Circuit Court
18JU09568; A173514

477 P3d 1232

Matthew J. Donohue, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Father appeals from a judgment terminating his parental rights to his children, M and E, on the ground that he was unfit, ORS 419B.504, and on the ground that he neglected M and E, ORS 419B.506. The neglect statute provides, in part:

> "The rights of the parent or parents may be terminated as provided in ORS 419B.500 if the court finds that the parent or parents have failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child or ward for six months prior to the filing of a petition. In determining such failure or neglect, the court shall disregard any incidental or minimal expressions of concern or support and shall consider but is not limited to one or more of the following:

> "* * * * *

> "(2)  Failure to maintain regular visitation or other contact with the child or ward that was designed and implemented in a plan to reunite the child or ward with the parent."

ORS 419B.506. On *de novo* review, we conclude, after examining the evidence in the record, that there is clear and convincing evidence that father's rights should be terminated on the basis of neglect under ORS 419B.506(2).[1] Because we affirm on the basis of neglect under ORS 419B.506, we do not consider whether the juvenile court erred by also terminating father's parental rights on the ground that he was unfit, ORS 419B.504.

An in-depth discussion of the facts in this case would not benefit the bench, the bar, or the public. Father does not dispute that he did not visit or contact either child during the six months preceding the filing of the petition for termination; rather, father asserts that the juvenile court's "reasonable and lawful cause" analysis was flawed in three specific respects. We conclude that the record contains clear and convincing evidence that father's failure to maintain regular visits or contact was without reasonable and lawful cause.

---

[1]  We also reject without discussion father's challenge to the juvenile court's reliance on hearsay evidence that the court previously had ruled inadmissible.

To the extent that father asserts that his need to travel a significant distance to attend visitation, his work schedule, and his financial difficulties provided reasonable and lawful cause, we reject his argument. DHS presented evidence that they encouraged father to visit M and E and attempted to help facilitate visits. DHS also provided father with gas vouchers to help with transportation costs and attempted to accommodate visits around father's work schedule. Although we acknowledge that father's circumstances presented challenges for him to maintain regular visits, those reasons alone do not explain why father never attempted to contact M and E during the six months preceding the termination petition. Given DHS's efforts, we are unpersuaded that father's reasons for not visiting M and E constitute a reasonable and lawful cause.

Finally, father does not challenge the juvenile court's determination that termination of his parental rights was in children's best interest, and we conclude that DHS proved by clear and convincing evidence that termination of his parental rights is in children's best interest so that they can be freed for adoption. Accordingly, the juvenile court did not err in terminating father's parental rights on the basis of neglect, ORS 419B.506(2).

Affirmed.